FILED

MAY 30 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD DEAN YANDELL, | No. 13-15606 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-05811-PJH |
| v. | |
| MATTHEW L. CATE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

California state prisoner Ronald Dean Yandell appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that his

constitutional rights were violated when defendants revalidated him as a gang

member. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Yandell's due process claim arising from his gang revalidation and reassignment to the security housing unit ("SHU") because, to the extent that Yandell demonstrated a liberty interest in avoiding continued SHU confinement, the facts alleged by Yandell show that he received all the process that he was due. *See Wilkinson v. Austin*, 545 U.S. 209, 228-29 (2005) (notice and opportunity to be heard are adequate procedural safeguards for placement in maximum custody); *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (prison officials must provide an inmate facing gang validation with notice of the charges and an opportunity to present his views, and decision must be supported by "some evidence" with sufficient indicia of reliability).

The district court properly dismissed Yandell's First Amendment claim challenging defendants' confiscation of materials associated with the Aryan Brotherhood prison gang found in Yandell's cell because Yandell failed to allege sufficient facts to show that defendants unreasonably impinged upon his rights of free speech or association. *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) ("[F]reedom of association is among the rights least compatible with incarceration."); *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (requiring only that the connection between the restriction and the purpose behind it not be arbitrary or

2                                                    13-15606

irrational); *see also Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129-32 (1977) (prison officials may curtail a prisoner's First Amendment rights if they determine that particular expressive or associational conduct has a "likelihood of disruption to prison order or stability, or otherwise interfere[s] with [] legitimate penological objectives").

The district court properly dismissed Yandell's Eighth Amendment claim because Yandell failed to allege sufficient facts to show that defendants knew of and disregarded an excessive risk to Yandell's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Yandell's request for judicial notice, filed on May 28, 2013, is denied.

**AFFIRMED.**